UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWIN MALDONADO,

                              Plaintiff,

        v.

J. KRAWCZYK, et al.,

                              Defendants.
_____

DECISION & ORDER

18-CV-6021MWP

On January 8, 2018, *pro se* plaintiff Edwin Maldonado ("plaintiff") commenced this action against the defendants pursuant to 42 U.S.C. § 1983 alleging a claim for excessive force in violation of the Eighth Amendment.  (Docket # 1).  Currently pending before this Court is a motion filed by plaintiff seeking appointment of counsel.  (Docket # 65).

It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

      4.      Whether the legal issues involved are complex; and

      5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); see also *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

      The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

      The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that appointment of counsel to assist plaintiff with the prosecution of his claims is justified by the circumstances of this case.

      Accordingly, plaintiff's request for appointment of counsel **(Docket # 65)** is **GRANTED**. This is a "full-scope appointment" pursuant to Rule 83.8(A)(1) of the Local Rules of Civil Procedure, and "the appointed attorney shall represent [plaintiff] in the action until a final judgment is entered (or some other order is entered terminating the action." See Local Rule

of Civil Procedure 83.8(E)(1).  The Court hereby directs that the Pro Bono Program Administrator begin the process for appointment of pro bono counsel.

**IT IS SO ORDERED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       May 9, 2024