UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWIN MALDONADO,

           Plaintiff,

v.

J. KRAWCZYK, G. MANOCCHIO, and E. KING,

           Defendants

**DECISION AND ORDER**

6:18-CV-06021 CDH

---

## BACKGROUND

Plaintiff Edwin Maldonado ("Maldonado") has asserted a claim of excessive force under 42 U.S.C. § 1983 against defendants J. Krawczyk ("Krawcyzk"), G. Manocchio ("Manocchio"), and E. King ("King") (collectively "Defendants"). A jury trial is scheduled to commence on February 18, 2025. (Dkt. 81).[1]

The parties have filed motions in limine regarding evidentiary issues they anticipate arising at trial, as to which briefing is complete. (Dkt. 78-1; Dkt. 80-3; 85; Dkt. 86). The Court heard oral argument on January 21, 2025, at which time it advised the parties of its tentative rulings as to some of the evidentiary issues, but indicated that it would issue a written decision setting forth its final determinations. (Dkt. 88). This Decision and Order sets forth the Court's resolution of the legal issues raised in the parties' motions in limine. For the reasons that follow, the Court grants

---

[1] The parties have consented to have a United States Magistrate Judge conduct all proceedings in this case, including trial, entry of final judgment, and all post-trial proceedings, pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 73. (Dkt. 62).

in part and denies in part both Maldonado's motion in limine and Defendants' motion in limine.

## DISCUSSION

The parties' motions in limine raise the following issues: (1) the admissibility of Maldonado's prior convictions pursuant to Federal Rule of Evidence ("FRE") 609; (2) the admissibility of Maldonado's prison disciplinary history pursuant to FRE 608; (3) the admissibility of evidence related to *Maldonado v. Gunsett et al.*, No. 7:21-cv-03719, a lawsuit brought by Maldonado in the United States District Court for the Southern District of New York in 2021; and (4) the admissibility of certain of Maldonado's proposed testimony pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). The Court considers each of these issues below.

### I.     Admissibility of Prior Convictions

"Federal Rule of Evidence 609 controls the impeachment of a witness by evidence of a criminal conviction." *United States v. White*, 312 F. Supp. 3d 355, 358 (E.D.N.Y. 2018). FRE 609(a)(1)(A) provides that "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence. . . must be admitted, subject to Rule 403, in a civil case[.]" Fed. R. Evid. 609(a)(1)(A). FRE 403, in turn, instructs that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid.

403. FRE 609(b) applies "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[.]" Fed. R. Evid. 609(b). Where subsection (b) applies, evidence of the prior conviction is admissible "only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect[.]" Fed. R. Evid. 609(b)(1).

Maldonado has three prior felony convictions. He was convicted of grand larceny on October 10, 2002, and sentenced to a maximum term of imprisonment of four years. (Dkt. 80-5 at 2). He was convicted of robbery in the third degree on September 18, 2003, and sentenced to a maximum term of imprisonment of seven years. (*Id*.). Finally, he was convicted of robbery in the first degree on September 18, 2003, and sentenced to a maximum term of imprisonment of 25 years. (*Id*.). Maldonado was released from prison on June 13, 2024. (Dkt. 80-4 at ¶ 4). Defendants seek to impeach Maldonado with each of these prior convictions. (Dkt. 80-3 at 5-7).

The factual circumstances of Maldonado's prior convictions are described in *Maldonado v. Burge*, 697 F. Supp. 2d 516 (S.D.N.Y. 2010), a habeas corpus action that Maldonado brought in the Southern District of New York. In short, on two separate occasions, Maldonado approached a stopped taxi, reached into the driver's side window, and took money from the driver's pocket. *Id*. at 519-20. On the second occasion, Maldonado climbed into the taxi, placed a pistol to the passenger's head, and took her wallet and a chain from around her neck. *Id*. at 520.

Initially, the Court finds that Maldonado's convictions for grand larceny and third-degree robbery should be analyzed under FRE 609(b). While the case law on

this issue is not extensive, courts that have considered the matter have concluded that a contemporaneous conviction with an extensive sentence cannot be used to "piggyback" a less-serious conviction "into the 10–year limitations period set out in Rule 609(b)." *Somerville v. Saunders*, No. 9:11-CV-556 MAD/DEP, 2014 WL 272415, at *6 (N.D.N.Y. Jan. 24, 2014) (quoting *United States v. Pettiford*, 238 F.R.D. 33, 40 (D.D.C. 2006)). Instead, "[t]he relevant date, for purposes of calculating the applicability of Fed. R. Evid. 609(b), shall be determined based on the date on which [the older] sentence for the [ ] Felony Conviction concluded, not the date on which [the witness] was released from prison in connection with [a] concurrent sentence." *United States v. Clanton*, No. 23-CR-328, 2024 WL 1072050, *15 (E.D.N.Y. Mar. 12, 2024). At oral argument, defense counsel conceded that this was an appropriate approach under FRE 609.

Here, had Maldonado not been serving a 25-year sentence on his first-degree robbery conviction, he would have been released on his grand larceny conviction by no later than 2006, and on his third-degree robbery conviction by no later than 2010. Accordingly, the Court finds these convictions remote for purposes of FRE 609(b). The Court further finds them inadmissible. The intent of FRE 609(b) is that "convictions over ten years old be admitted very rarely and only in exceptional circumstances." *Zinman v. Black & Decker (U.S.), Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) (quotation omitted). At oral argument, defense counsel did not identify any factors that would distinguish these run-of-the-mill, remote convictions from the ordinary case, or that would render them particularly probative in this action.

Further, because the Court is going to permit—for reasons discussed below—Defendants to admit evidence of Maldonado's first-degree robbery conviction, "any incremental probative value of impeachment" by the grand larceny and third-degree robbery convictions would not substantially outweigh their prejudicial effect. *Diggs v. Guynup*, 621 F. Supp. 3d 315, 321 (N.D.N.Y. 2022). For these reasons, Defendants will not be permitted to use Maldonado's grand larceny and third-degree robbery convictions for impeachment purposes.

However, the Court finds Maldonado's first-degree robbery conviction admissible under FRE 609(a)(1). "When balancing the probative value of a conviction against its prejudicial effect, courts will examine four factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Olutosin v. Gunsett*, No. 14-CV-00685 (NSR), 2019 WL 5616889, at *9 (S.D.N.Y. Oct. 31, 2019) (quotation omitted). As to the first factor, "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005). But "all Rule 609(a)(1) felonies are not equally probative of credibility." *Id.*. "[C]rimes that reflect adversely on a person's integrity, and which therefore bear on honesty—such as those involving deceit, fraud, and theft"—are generally considered to have high impeachment value, while crimes of violence are generally considered to have lower impeachment value. *Id*. at 617-18.

There is mixed case law as to whether robbery should be considered as a theft crime that is probative of truthfulness, or as a crime of violence that is not. The Second Circuit has stated—albeit in an unpublished decision—that a prior conviction for robbery is "probative of . . . veracity." *Crenshaw v. Herbert*, 409 F. App'x 428, 432 (2d Cir. 2011); *see also, e.g., Coleman v. Durkin*, 585 F. Supp. 3d 208, 214 (N.D.N.Y. 2022) ("Plaintiff's robbery and burglary convictions, as crimes of theft or stealth, have probative value as to Plaintiff's character for truthfulness."); *Marshall v. Port Auth. of N.Y. & N.J.*, No. 19-CV-2168 (LJL), 2022 WL 17491006, at *3 (S.D.N.Y. Dec. 5, 2022) ("[R]obbery ranks high on the scale of probative worth on credibility, even if it is not a *crimen falsi*." (quotation omitted)); *Ramsay-Nobles v. Keyser*, No. 16 CIV. 5778 (CM), 2020 WL 359901, at *4 (S.D.N.Y. Jan. 22, 2020) ("First degree burglary, first degree robbery: Both of these crimes – one of stealth, one of theft – are the kinds of crimes that, while not *crimen falsi* for Rule 609(a)(2) purposes, are generally allowed to be used as impeachment under the Rule 609(a)(1)."). On the other hand, some district courts in this Circuit have found that "[w]hile robbery is . . . a theft crime, it requires the use of force and has 'more of the characteristics of a crime of violence,' which has less probative value on credibility." *Diggs*, 621 F. Supp. 3d at 321 (quoting *United States v. Crumble*, No. 18-CR-32 (ARR), 2018 WL 2016852, at *7 (E.D.N.Y. May 1, 2018)).

A first-degree robbery conviction in New York requires, among other things, that the defendant "forcibly steal[] property." N.Y. Penal Law § 160.15. While such a conviction may have some characteristics of a crime of violence, it is still, at its core,

a theft crime—the taking of another's property. It thus "reflect[s] adversely on a person's integrity, and . . . therefore bear[s] on honesty[.]" *Estrada*, 430 F.3d at 617. The Court finds that the first factor weighs in favor of admissibility.

As to the second factor, the first-degree robbery conviction is from 2003, which diminishes its probative value. This factor weighs in favor of preclusion.

As to the third factor, there are some similarities between a first-degree robbery conviction—which, as noted above, requires a use of force—and the "conduct implicated by [Maldonado's] 'excessive force' claim and Defendants' defenses." *Olutosin*, 2019 WL 5616889, at *10. Defendants' position is that all the force they used in this case was reasonable a necessary to subdue Maldonado, and so "there is a risk that the jury might consider [Maldonado's] convictions to be probative of aggressive behavior rather than using the convictions to evaluate his credibility." *Id.*; *but see Coleman*, 585 F. Supp. 3d at 214 (finding that robbery conviction was "not similar in nature to the conduct at issue—an alleged assault on Plaintiff by Defendants"). This factor weighs in favor of preclusion.

The fourth factor weighs heavily in favor of admissibility. The jury's assessment of credibility is likely to be determinative in this case, and evidence relevant to that determination is thus of crucial importance.

Finally, the Court notes that because of the nature of Maldonado's claim, the jury will necessarily be informed that he has been convicted of a crime and was incarcerated. Any additional prejudice from informing the jury that he has a conviction for first-degree robbery will be minimal.

Having considered and weighed the above factors, and the standard factors set forth in FRE 403, the Court finds that the essential facts of Maldonado's first-degree robbery conviction are admissible for impeachment purposes. *See White*, 312 F. Supp. 3d at 359 ("When evidence of a prior conviction is admitted, the presumption is that only the 'essential facts' of the prior conviction—which include 'the statutory name of each offense, the date of conviction, and the sentence imposed'—will be admitted for purposes of impeachment." (quoting *Estrada*, 430 F.3d at 615-16)). The significant role that credibility is likely to play in this case, coupled with the probative value of a crime of theft, persuades the Court that allowing this evidence in is required under FRE 609(a)(1). However, Defendants will not be permitted to admit any facts regarding the underlying details of the conviction.

## II. <u>Admissibility of Disciplinary History</u>

The Court turns next to the admissibility of Maldonado's prison disciplinary history. Defendants seek to admit this evidence under FRE 608(b), which "states that the court may, on cross-examination of a witness, allow inquiry as to specific instances of conduct, 'if they are probative of the character for truthfulness or untruthfulness of . . . the witness.'" *Diggs*, 621 F. Supp. 3d at 321 (quoting Fed. R. Evid. 608(b)). In particular, Defendants wish to admit evidence that Maldonado has been found guilty of violating prison rules against smuggling, providing false information, and impersonation. (Dkt. 80-3 at 8). Maldonado asks the Court to preclude such inquiry. (Dkt. 78-1 at 5-6).

On the record before it, the Court does not find that Maldonado's prison disciplinary history is probative of his character for truthfulness and thus admissible under FRE 608(b). In making such an assessment, the Court must look at the specifics of each incident to assess its probative value. *See Jeanty v. Cerminaro*, No. 616-CV-00966 BKS TWD, 2021 WL 2778572, at \*6 (N.D.N.Y. July 2, 2021); *Brevard v. Schunk*, No. 9:18-CV-00042 BKS ML, 2020 WL 374563, at \*3 (N.D.N.Y. Jan. 23, 2020). But the only information the Court has are the names and dates of the disciplinary convictions—no information at all about the underlying incidents has been provided. (*See* Dkt. 80-6). This is insufficient to support the conclusion that the specific incidents in question have probative value as to Maldonado's credibility. *See Allah v. Kemp*, No. 9:19-CV-839 MAD CFH, 2024 WL 1740550, at \*5 (N.D.N.Y. Apr. 23, 2024); *Jeanty*, 2021 WL 2778572, at \*6. The Court will not allow Defendants to admit evidence regarding these incidents under FRE 608(b).

However, as discussed at oral argument, if Maldonado opens the door to evidence regarding his disciplinary history during his testimony at trial, the Court will revisit the admissibility of such evidence.

### III. Admissibility of Other Civil Lawsuit

Defendants seek to admit evidence related to *Maldonado v. Gunsett et al.*, No. 7:21-cv-03719, a lawsuit brought by Maldonado in the United States District Court for the Southern District of New York in 2021. (Dkt. 80-3 at 9). Defendants argue that Maldonado's claims of mental anguish in the *Gunsett* action are relevant to his damages in this matter. (*Id.*). However, at oral argument, Maldonado's counsel

clarified that Maldonado is not seeking mental or emotional damages related to his injuries in this lawsuit beyond approximately two years after the underlying events. As such, there is no overlap between the claimed damages in this case, and the events in the *Gunsett* action. With that clarification, defense counsel agreed at oral argument that the *Gunsett* action is not relevant to any issue in this case. Accordingly, the Court will not permit evidence related to the *Gunsett* action to be admitted at trial.

## IV.     *Heck/Edwards* and Limitations on Maldonado's Testimony

Finally, the Court turns to Defendants' request to limit Maldonado's proposed testimony based on *Heck* and *Edwards*. (*See* Dkt. 80-3 at 9-10; Dkt. 85). In *Heck*, the Supreme Court held that "in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. at 486-87. Under *Heck*, it is a prisoner's obligation to establish that "his suit does not necessarily imply the invalidity of his conviction or sentence." *Jenkins v. Haubert*, 179 F.3d 19, 25 (2d Cir. 1999) (quotation omitted). In *Edwards*, the Supreme Court extended the rule announced in *Heck* to prison disciplinary proceedings that result in a loss of good-time credits. 520 U.S. at 648.

The incident underlying this lawsuit occurred on June 1, 2015, when Maldonado claims that Defendants punched him "on the side of the head knocking

read to bar the introduction of evidence in certain cases, they do not do so here, because the factual findings underlying the disciplinary disposition are ambiguous, and a finding that Maldonado was the initial aggressor would not necessarily imply the invalidity of the disciplinary findings. (*Id*. at 12-14).

For reasons it explained more fully on the record at oral argument, the Court is skeptical of the argument that *Heck* and *Edwards* do not operate as an evidentiary doctrine. This argument is inconsistent with the Second Circuit's decision in *Shapard v. Attea*, 710 F. App'x 15 (2d Cir. 2017), wherein it held that it would be appropriate under *Heck* to "take appropriate steps to prevent [the plaintiff] from disputing the assault [for which he had been convicted], including limiting his testimony and instructing a jury that he assaulted Officer Attea." *Id*. at 18. While *Shapard* is an unpublished decision, it cited and relied upon *Gilbert v. Cook*, 512 F.3d 899 (7th Cir. 2008), a published Seventh Circuit decision that the Court finds persuasive. But that does not mean necessarily that this is a case in which it would be appropriate to take steps to limit Maldonado's testimony. For the reasons that follow, the Court concludes that no limits on Maldonado's proposed testimony are necessary in this case.

In *Gilbert*, the Seventh Circuit explained that "[l]ike the law of issue and claim preclusion, *Heck* prevents a litigant from contradicting a valid judgment." *Id*. at 901. Accordingly, while "a plaintiff's confession to his own offense" is not "a precondition to a civil remedy against public officials who respond with excessive force," a § 1983 plaintiff must "maintain an agnostic position toward his conviction." *Id*. This is so

because while a claim that "[t]he guards violated my rights by injuring me, whether or not I struck first" does not run afoul of *Heck*, a claim that cannot be reconciled with the plaintiff's conviction does. *Id*. In other words, the salient inquiry is whether to find in favor of the plaintiff the jury would necessarily have to find facts that are inconsistent with the valid conviction. *See Shapard*, 710 F. App'x at 18 ("Shapard's plausible claim of excessive force can be reconciled with his assault of Officer Attea, and is therefore not barred by *Heck*.").

At oral argument, Maldonado's counsel confirmed that Maldonado does not intend to testify that he never pushed a guard. Instead, he will testify that Defendants struck him first and he acted in self-defense. The Court finds that this proposed testimony is agnostic as to the disciplinary disposition. Rule 100.11, which prohibits assault on staff, provides that "[a]n incarcerated individual shall not assault or inflict or attempt to inflict bodily upon any staff member." 7 N.Y.C.R.R. § 270.2. Rule 104.11, which prohibits violent conduct, provides that "[a]n incarcerated individual shall not engage in any violent conduct or conduct involving the threat of violence either individually or in a group." *Id*. Rule 104.13, which prohibits creating a disturbance, provides that "[a]n incarcerated individual shall not engage in conduct which disturbs the order of any part of the facility." *Id*. None of these rules on their face provide for an exception where the conduct was undertaken in self-defense, nor do they have as an element that the inmate was the initial aggressor.

Nor does the Court find that the hearing officer's factual findings require a limit on Maldonado's testimony. The hearing officer did not specify the name of the

officer whom Maldonado was found to have shoved and explicitly stated that the identity of the escort officer was irrelevant to the outcome. "Because it is unclear from the hearing which Defendant[] [Maldonado] attacked and when, it is not clear whether he was the initial aggressor or defended himself against any specific defendant[.]" *Head v. Ebert*, No. 6:14-CV-06546 EAW, 2024 WL 692567, at *4 (W.D.N.Y. Feb. 20, 2024). Under these circumstances, testimony by Maldonado that he was attacked by one or more of the defendants prior to shoving one of them would not necessarily imply the invalidity of his disciplinary convictions. The Court accordingly will not preclude Maldonado from testifying in the manner described by counsel at oral argument.

## CONCLUSION

For all these reasons, the parties' respective motions in limine are granted in part and denied in part, as described above.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: February 3, 2025
      Rochester, New York